IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

MICHAEL J. PENDLETON,
        Plaintiff
   v.

CITY OF PITTSBURGH; DETECTIVE Y.
OVERHOLT as The Police Officer For
THE CITY OF PITTSBURGH; JANET R.
NECESSARY, ASSISTANT DISTRICT
ATTORNEY FOR THE ALLEGHENY COUNTY
DISTRICT ATTORNEY'S OFFICE; are
sued individually in their
individual capacities,
        Defendants

CIVIL RIGHTS COMPLAINT

GD-22-_____

## CIVIL RIGHTS COMPLAINT

### I. Parties

1. The Plaintiff, Michael J. Pendleton, is currently confined at the Pennsylvania Department of Corrections, State Correctional Institution Somerset, (SCI-SMR), located at 1600 Walters Mill Road, Somerset, Pa. 15510-00001.

2. The Defendant Detective Y. Overholt, at all times relevant to this Civil Rights Complaint, was employed by the Pittsburgh Police Department, address of Pittsburgh, Police Headquarters is: 660 First Avenue, Pittsburgh, Pa. 15219

3. The Defendant City of Pittsburgh Bureau of Police, is at all times relevant herein, and the Primary Place of Business, is located at: 660 First Avenue, Pittsburgh, Pa. 15219.

4. The Defendant Janet R. Necessary, is the Assistant District Attorney of Allegheny County, and is responsible for prosecuting defendants in Allegehny County, with her Primary Place of business located at: 401 County Courthouse, 436 Grant Street, Pittsburgh, Pa. 15219-2489.

### II. Complaint/Introduction

5. The Plaintiff, Michael J. Pendleton, brings this Civil Rights Complaint pursuant to 42 U.S.C. §1983 et seq., the Pennsylvania Constitution and Federal Constitution, Common Law and Statutory Laws. Plaintiff monetary damages for the injury sustained by the Defendants



collectively, who viciously and maliciously prosecuted the Innocent Plaintiff and Committed Prosecutor Misconduct by "WILLFULLY" Fabricating evidence against Plaintiff and for violating Plaintiff's rights pursuant to Pa. Const. Art. 1, §§1 and 9; and Federal Constitutional Rights pursuant to the 4th and 14th Amendments.

## III. Jurisdiction And Venue

6.  This action is properly brought in this County, "the County in which the cause of action arose" and/or where a transaction or occurrence took place out of which the cause of action arose. 42 Pa. C.S.A. §8309 (Civil Rights violations). 42 Pa. C.S.A. §8523 (Venue). 42 Pa. C.S.A. §5101 (Remedies exist for Legal Injury). Pa.R.Civ.Proc. Rules 1006(a)(1), 2130(a) and 2179(a)(3) and (4).

## IV. FACTS

7.  On June 5, 1997, at 0055, the victim, Christian Operanozie, was robbed and assaulted by an unknown assailant, while making a jitney trip. The victim got into a tussle with the culprit over the shotgun, who was seated in the back passenger seat, and a shot went off through the roof of the car. And the victim and culprit jumped out of the car and ran. No actors were arrested or apprehended. Exhibit "A" (Supplemental Police Report).

8.  Officers from Zone 1 Police Station arrived to the crime scene, and took photos of the scene. Items Found at the crime scene were a black ear warmer and black cap and the victim's car was towed to Zone 5 Police Station and held for fingerprints.

9.  On June 12, 1997, Julian Boyer was arrested for the robbery and murder of a jitney driver on the North Side of Pittsburgh.

10. On June 12, 1997, unbeknownst to Plaintiff, Boyer confessed to committing numerous robberies and one of those robberies Boyer confessed to was the robbery of the victim Mr. Operanozie. Ex. "B" #5.

11. On June 13, 1997, Plaintiff Pendleton (then 14 years old) was

arrested and charged with Criminal Homicide (CC# 199708053), for which he is still currently incarcerated for. (Plaintiff is actually innocent of that case which is currently before the federal court).

12.  On June 29, 1997, Detective Overholt spoke to the victim and asked if he would recognize the actors if he saw photos, and the victim said, yes because he seen the actors on t.v. in another case.

13.  Six photos were shown to the victim and Plaintiff's 6-13-97 photo was the only up to date photo shown with the arrest date listed at the bottom. According to the Supplemental Report, the victim allegedly selected (14 year old) Plaintiff's photo, as the actor seated behind the front passenger seat, with the sawed off shotgun, that stated "Nigger give me the money", who the victim tussled with before the shot went off through the car roof.

14.  Also, the victim selected a second photo of Julian Boyer and allegedly said "he did not remember Boyer saying anything". "A".

15.  On July 3, 1997, Defendant Overholt (Badge #2854) supplied Police Officer Keith E. Ross with false and fabricated information to secure an arrest warrant against Plaintiff for Robbery, REAP and Conspiracy to commit robbery. Ex. "C", CC#9709242.

16.  Also, on July 3, 1997, a warrant was secured by Defendant Overholt, who initiated the criminal prosecution against Julian Boyer for Robbery, REAP, Conspiracy and Simple Assault, which means Defendant Overholt was aware of Boyer's confession. "D", CC#9709117.

17.  On July 23, 1997, A Preliminary Hearing was held in juvenile court and the victim testified that Plaintiff was not the person who robbed and assaulted him. Plaintiff was still held and bound over for court.

18.  On July 25, 1997, a preliminary hearing was held and Boyer's Case was held for court on all charges. Ex. "E".

19.   On <u>October 5, 1998</u>, Boyer appeared before Judge W. Terrance O'Brien and was found guilty of the charges in open court, with Defendant Assistant District Attorney Janet Necessary prosecuting Boyer's case. Ex. "<u>F</u>".

20.   Defendant Necessary Maliciously and intentionally neglected to inform Plaintiff's defense lawyer and trial Judge Raymond Novak that Boyer was found guilty of the crimes against the victim, Mr. Opranozie. She kept this secret to herself and said nothing and continued to prosecute Plaintiff on the fabricated evidence. Ex. "<u>G</u>"

21.   On <u>March 19, 1999</u>, the trial court held a juvenile decertification hearing on Plaintiff's current case and he met the criteria to be decertified but Defendant Necessary informed the court that Plaintiff had been certified and held on another robbery charge.

22.   Also, Defendant Necessary used a report written on <u>11-17-97</u>, by child clinical psychologist Dr. Neal Rosenbloom to make it appear that Plaintiff was cold, calloused, desensitized to violence, not remorseful or motivated to do any groups, when Plaintiff was actually innocent of that robbery charge.

23.   The trial court stated that Plaintiff's record is not that extensive and that if it wasn't for that other robbery case, he would consider decertifying the Plaintiff and that it is proper for him to consider that robbery case in making his decision and then denied Plaintiff's transfer to juvenile court.

24.   On <u>February 21, 2002</u>, Defendant Necessary filed a motion to Nolle Prosse the robbery charge. And on <u>February 22, 2002</u>, the trial court, unbeknownst to Plaintiff, Nolle Prosse'd the charges. Ex. "<u>H</u>".

25.   On <u>April 18, 2018</u>, during Plaintiff's re-sentencing hearing, the District Attorney/ Commonwealth told the court that Plaintiff deserves 30 years to life because prior to this crime, Plaintiff engaged in violent criminal behavior by being "involved with attempting to rob a jitney driver". at 170.

26.     On May 3, 2021, in the District Attorney's response to Plaintiff's federal habeas corpus, acknowledged that the robbery charge was emphasized by the trial court when denying decertification to juvenile court because of the false robbery charge initiated by Defendant Det. Overholt and prosecuted by Defendant A.D.A. Necessary.

27.     Plaintiff avers that some of the information submitted as part of this civil suit was outside of Plaintiff's reach and he did not have access to it until it was gathered by Plaintiff's federal Investigator and submitted by his legal team in an Amended federal habeas corpus petition on 10-20-20, (Pendleton v. Tice, et. al.).

V. Legal Claims

28.     Plaintiff Pendleton re-alleges and incorporate by reference paragraphs one (1) through 27 (twenty-seven) as set forth herein.

29. A. Defendant City Of Pittsburgh

    (1) Defendant Pittsburgh caused the deprivation of Plaintiff's rights by its failure to employ policies and protocols regarding the training, supervision, and discipline of its police officers including, but not limited to, the initiation of prosecution only on a finding of Probable Cause, and police responsibility not to fabricate evidence and/or maliciously prosecute Innocent people or use faulty mug shot procedures.

    (2) Thus, these illegal customs and policies are so widespread that they are law amongst the Pittsburgh Police Department and has inflicted injury to Plaintiff's life, liberty and constitutional Rights, and have resulted in a pattern of other similier incidents prior to, during and after Plaintiff's arrest. Thus, having these policies and customs in place makes Defendant Pittsburgh Liable for causing injury to Plaintiff's right not to be maliciously prosecuted and have fabricated evidence used against him, pursuant to his clearly established rights under the 4th and 14th amendment and Pa. Const. Art.

1, §§1 and 9, and causing irreparable injury to his life, serious loss of liberty, property, pain and suffering, emotional distress, and mental anguish.

(3) These widespread illegal policies are still in effect and being

followed. see Manns v. City of Pittsburgh, #2:00-cv-00838-RCM (W.D. Pa. 2002); Doswell v. Pittsburgh, 2008 U.S. Dist. Lexis 3311) (Fabricating evidence/ Faulty mug shot procedure/ malicious prosecution); Miles v. Pittsburgh, 2011 U.S. Dist. Lexis 99782 (Malicious Prosecution); and Ford v. Pittsburgh, 2014 U.S. Dist. Lexis 176829 (W.D. 2014) (False Imprisonment/ Unreasonable search and seizure).

30. (B) **Malicious Prosecution Against Det. Overholt**

(1)(a) By securing the warrant Det. Overholt initiated the criminal pprosecution; (b) knew that the victim's car was towed for finger prints and a black hat and ear warmer was found at the crime scene, were not tested for DNA; (c) a very prejudicial and impermissible and suggestive identification procedure was used when the photograph was taken of Plaintiff on 6-13-97; (d) Plaintiff was already arrested for another crime, this bolstered the appearance of being more guiltier of the crime; (e) Det. Overholt knowingly lied and deliberately mischaracterized the victim's statement in his investigative report and added a simple assault charge in Julian Boyer's Arrest warrant shows that Det. Overholt knew who the real culprit was; (f) The prosecution for the robbery charge was terminated and nolle prossee'd in Plaintiff's favor.

(2) Defendant Overholt did violate Plaintiff's clearly established constitutional right not to be maliciously prosecuted and have fabricated evidence used against him, pursuant to the 4th and 14th Amendment, thus, causing injury to Plaintiff's life, lose of liberty, and property and causing emotional distress, mental anguish, fear, pain and suffering.

### 31. (C) Malicious Prosecution Against D.A. Necessary

(1) Defendant Necessary's "willful misconduct" created a "highly prejudicial and inflamed atmosphere" that seriously impaired and erroded the fairness of the juvenile decertification proceedings against an innocent (15 year old) child and caused him to suffer a serious loss of freedom, emotional distress, mental anguish, wanton and intentional infliction, pain and suffering, fear of losing his life, loss of property, and humiliation. in violation of Plaintiff's 4th and 14th Amendment rights and Pa. Const. Art. 1, §§1 and 9.

(2) Defendant Necessary violated Plaintiff's 4th and 14th Amendmen

rights and Pa. Const. Art. 1, §§1 and 9, not to be maliciously prosecuted or have fabricated evidence used against him, abuse of public trust and public office, breach of fiduciary and governmental trust, abuse of process, in violation of Pa. Rule of Pro. Conduct Rule 3.8(a), (a prosecutor shall refrain from prosecuting a charge not support by probable cause).

(2) Defendant Necessary knew (a) that Plaintiff was already accused and charged with another criminal homicide; (b) she knew that Boyer confessed to committing the robbery and that Plaintiff was innocent; (c) She prosecuted Boyer for the robbery charge on 10-5-98 and that he was found guilty and given 8-16 years; She knew that the victim's car, a hat and ear warmers were held for evidence; (e) she influenced the trial court to deny Plaintiff juvenile decertification based on her deceitful and dishonesty that Plaintiff committed another robbery; (f) She Nolle Prossee'd the robbery charge after the decertifcation. She is guilty of Misconduct. 16 P.S. §4405 (Misconduct of District Attorney).

32. **WILLFUL MISCONDUCT**: In any action against a local agency or employee thereof for damages on account of any injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of §§8545, 8546, 8548 and 8549, shall not apply. 42 Pa.C.S.A. §8550.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this court enter judgment:

(a). Granting Plaintiff compensatory damages in the amount of $200,000 against each defendant, jointly and severally;

(b) Plaintiff seeks punitive damages in the amount $1,000,000 against each defendant jointly and severally;

(c) Plaintiff also seeks a jury trial on all issues trial by jury;

(d) Defendants are to pay Plaintiff's costs in this suit; and

(e) Any additional relief this court deems just, proper, and equitable.

Dated: July 7, 2022

## VERIFICATION

I have read the foregoing Complaint and hereby verify that the matters alleged herein are true and correct on belief and information, I certify, that under the Penalties of perjury under 18 Pa. C.S. §4904, that the foregoing is true and correct.

Executed in Somerset, Pennsylvania on Date: July 7, 2022

*[signature]*

Michael J. Pendleton
Plaintiff Pro Se