IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL J. PENDLETON, :
    Plaintiff, :
    v. : Case No. 2:22-cv-1312-KRG-KAP
CITY OF PITTSBURGH, *et al.*, :
    Defendants :

<u>Memorandum Order</u>

    Plaintiff, an inmate at S.C.I. Somerset, filed a civil complaint in the Allegheny County Court of Common Pleas that one defendant removed to this court on or about September 14, 2022. Another defendant subsequently filed a motion to dismiss with a brief in support, ECF no. 4, ECF no. 5. In response, plaintiff filed an amended complaint, ECF no. 10, that differs from the original complaint most obviously in its lack of citation to federal law; plaintiff then filed a motion to remand, ECF no. 12, disclaiming any desire to raise federal claims and arguing that the court therefore lacks subject matter jurisdiction.

    The best treatment of the subject I have been able to find is <u>Payne v. Parkchester North Condominiums</u>, 134 F. Supp. 2d 582, 587 (S.D.N.Y. 2001), which lays out the factors to be considered in the discretionary decision to remand pendent state claims when federal claims are withdrawn. As Judge Knapp observed, two of the more important considerations are whether there has been an attempt by the plaintiff to forum shop, and whether remand conserves overall use of judicial time and resources. Plaintiff's deletion of federal claims clearly appears to be forum shopping. As examination of related cases filed over the years by plaintiff (including the pending <u>Pendleton v. City of Pittsburgh</u>, Case no. 2:22-cv-1120 - KRG-KAP (W.D.Pa.) will show, plaintiff has repeatedly brought federal claims against some of the same defendants in this case in connection with the criminal prosecution of plaintiff. Second, due to the number of related cases, the overall expenditure of resources in moving this case forward favors retention of the pendent claims.

    The motion to remand at ECF no. 12, is denied. Defendants can respond to the amended complaint with an answer or motion to dismiss on or before December 9, 2022, with plaintiff's response due December 31, 2022. Plaintiff can combine his responses if he wishes.

    The parties are advised that pursuant to 28 U.S.C.§ 636(b)(1)(A), the parties can within fourteen days file an appeal of this nondispositive order to Judge Gibson, the presiding judge in this matter.

DATE: November 9, 2022

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

Michael J. Pendleton DY-1646
S.C.I. Somerset
1600 Walters Mill Road
Somerset, PA 15510