IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL J. PENDLETON, | ) | |
| | ) | CIVIL ACTION NO. 2:22-cv-1312 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| CITY OF PITTSBURGH, *et. al*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This matter is before Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. Section 636, and Local Civil Rule 72.

On July 7, 2022, Plaintiff Michael J. Pendleton ("Mr. Pendleton") filed a Complaint against Defendants in the Court of Common Pleas of Allegheny County, Pennsylvania. (ECF No. 1-2). Mr. Pendleton's Complaint contained claims under federal and state law. (*Id.* at 5–7). On September 13, 2022, Defendant City of Pittsburgh (with the consent of all other defendants) removed the action to this Court. (ECF No. 1 at 2–3).

On September 19, 2022, Defendant Janet R. Necessary filed a motion to dismiss Mr. Pendleton's Complaint. (ECF No. 4).

On October 11, 2022, the Court received Mr. Pendleton's Amended Complaint. (ECF No. 10). In his Amended Complaint, Mr. Pendleton advances several claims under state law, but he no longer asserts any claims under federal law. (*Id.* at 6–9).

On October 26, 2022, the Court received Mr. Pendleton's Motion to Remand this action to state court. (ECF No. 12). In his Motion, Mr. Pendleton states that he "does not intend to claim,

1

argue or otherwise avail himself of any right to relief arising under the United States Constitution or any federal treaties or laws." (*Id.* at 1). Mr. Pendleton further argues that there is not complete diversity between the parties. (*Id.* at 2). Therefore, Mr. Pendleton asserts that this Court lacks jurisdiction over this case. (*Id.* at 1).

On November 9, 2022, the Magistrate Judge issued a document entitled "Memorandum Order[,]" in which he indicated that he was denying Mr. Pendleton's Motion Remand. (ECF No. 13 at 1). Further, the Magistrate Judge advised the parties that they could "file an appeal of this nondispositive order to Judge Gibson, the presiding judge in this matter" within fourteen days. (*Id.*).

On November 21, 2022, the Court received Mr. Pendleton's Objections to and Appeal of the Magistrate Judge's Order. (ECF No. 14).

The Court will construe the Magistrate Judge's Order as a Report and Recommendation, and the Court will review the Magistrate Judge's Report and Recommendation in light of Mr. Pendleton's Objections.[1] Upon doing so, the Court finds Mr. Pendleton's Objections meritless.

---

[1] In *In re U.S. Healthcare*, 159 F.3d 142 (3d Cir. 1998), the Third Circuit held that a "remand *order* is dispositive for purposes of 28 U.S.C. § 636(b)(1)." *Id.* at 146 (emphasis added). Further, in *EEOC v. City of Long Branch*, 866 F.3d 93 (3d Cir. 2017), the Third Circuit indicated, in the course of discussing the types of *matters* that magistrate judges may hear, that *In re U.S. Healthcare* stands for the principle that a *motion* to remand is dispositive because it conclusively determines whether there will be a federal forum available to entertain a given dispute. *Id.* at 98–99 (emphasis added). Therefore, it appears that a motion to remand is a dispositive motion. Accordingly, the Court will construe Mr. Pendleton's motion to remand as a dispositive motion, and the Court will construe the Magistrate Judge's Memorandum Order as a Report and Recommendation. The Court finds that it is appropriate to do so because Mr. Pendleton had the opportunity to object to the Magistrate Judge's Memorandum Order, just as he would have had the opportunity to object to a document entitled Report and Recommendation. Thus, the Court will review the Magistrate Judge's Report and Recommendation, along with Mr. Pendleton's Objections thereto, under the applicable de novo standard of review.

Indeed, it is "settled that district courts have discretion to remand to state court 'a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.'" *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 233 (3d Cir. 1995) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)). In deciding whether to remand, the "district court should consider what best serves the principles of economy, convenience, fairness, and comity." *Id.* Of course, the "district court can consider whether the plaintiff has engaged in any manipulative tactics … [and] an effort by the plaintiff to manipulate the forum should be considered along with other factors in the decision whether to remand." *Id.*

Here, the Court agrees with the Magistrate Judge that it appears that Mr. Pendleton's decision to remove his federal claims from his Complaint after the case was removed to this Court constituted forum shopping. (ECF No. 13 at 1). This conclusion is bolstered by the fact that Mr. Pendleton did not offer any indication, in his objections to the Report and Recommendation, that he removed his federal claims from his Amended Complaint for any other reason. (ECF No. 14). Finally, the Court agrees with the Magistrate Judge that upon weighing the relevant considerations of economy, convenience, fairness, and comity, it is appropriate for this Court to retain this action. (ECF No. 13 at 1); *see Williams v. Newark Beth Israel Med. Ctr.*, 322 F. App'x 111, 112–13 (3d Cir. 2009) (affirming the district court's decision to retain jurisdiction over the case after the federal claims were withdrawn in light of circumstances generally similar to those now before this Court).

Therefore, upon *de novo* review of the record in this matter, the Report and Recommendation, and Mr. Pendleton's Objections, the following order is entered:

3

AND NOW, this 16th day of December, 2022, it is **HEREBY ORDERED** that Plaintiff Michael J. Pendleton's Motion to Remand (ECF No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation at ECF No. 13 is adopted as the opinion of this Court.

**BY THE COURT:**

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**

Notice by U.S. mail to:

**Michael J. Pendleton**
DY-1646
SCI Somerset
1600 Walters Mill Road
Somerset, PA 15510-0002