**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL J. PENDLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:22-1312 |
| v. ) | Judge Nora Barry Fischer |
| ) | Magistrate Judge Keith Pesto |
| CITY OF PITTSBURGH, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER OF COURT**

AND NOW, this 24th day of June, 2025, upon consideration of the Report and Recommendation of U.S. Magistrate Judge Keith A. Pesto dated May 13, 2025, (Docket No. 37), recommending that Plaintiff Michael J. Pendleton's Motion to Vacate a Void Judgment Under Rule 60(b)(4) and to Remand Complaint Back to State Court Pursuant to 28 U.S.C. § 1447(c) and *Royal Cabin, USA v. Wullschleger* (2025), (Docket No. 36), be denied as he failed to establish that the judgment was void and subject to collateral attack under Rule 60(b)(4) and directing that any objections by non-ECF users like Plaintiff were due by May 30, 2025, and Plaintiff's timely Objections to the Report and Recommendation which were post-marked on May 28, 2025, (Docket No. 38), the matter having been reassigned to the undersigned on June 17, 2025 for prompt disposition of the matter, (Docket No. 39), and having conducted a de novo review of the Report and Recommendation, (Docket No. 37), which is adopted as the Opinion of the Court, as supplemented herein,

IT IS HEREBY ORDERED that Plaintiff's Objections [38] are OVERRULED, as the Court finds that Plaintiff has failed to meet his heavy burden to demonstrate that the judgment dismissing this case with prejudice on June 28, 2023 is void under Rule 60(b)(4) based on the subsequent precedent in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025) holding that

a District Court lacks subject matter jurisdiction over a removed case if the plaintiff drops all federal claims and there is no independent basis of subject matter jurisdiction over the remaining claims.  *See* Fed. R. Civ. P. 60(b)(4). To that end, the U.S. Court of Appeals for the Third Circuit has recognized that "'a judgment is not void' under Federal Rule of Civil Procedure 60(b)(4) 'simply because it is erroneous, or is based upon precedent which is later deemed incorrect or unconstitutional.' []. 'A court has the power to determine its own jurisdiction,' […], and '[i]n the interest of finality ... an error in that determination will not render the judgment void' absent a 'clear usurpation of power.'" *George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226, 239 (3d Cir. 2024) (citing *Marshall v. Board of Education*, 575 F.2d 417, 422, n.19 (3d Cir. 1987)) (further quotation marks omitted).  Where, as here, the issues concerning the Court's subject matter jurisdiction were litigated in the District Court and Plaintiff did not file a timely appeal from the final order dismissing the case, the judgment is not void for purposes of Rule 60(b)(4).  *Id*.

Finally, in *Royal Canin, U.S.A., Inc.*, 604 U.S. at 43, n.10, the Supreme Court emphasized that it was not bound by dicta in a prior footnote in *Rockwell Int'l Corp. v. United States* suggesting that "'when a defendant removes a case to federal court based on the presence of a federal claim,' […] 'an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction.'"  *Id*. (quoting *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-474 (2007)). With that said, the Supreme Court continued that:

> It is of course a much different thing for this Court to reach that conclusion than for a lower court to do so. We do not at all fault any court that relied on the *Rockwell* footnote to find jurisdiction in a case like this one. Courts that did so simply took us at our word, in a way both understandable and appropriate.

*Royal Canin*, 604 U.S. at 43.  As such, even if the District Court maintaining subjecting matter jurisdiction and dismissing this action would be erroneous in light of the subsequent precedent in *Royal Canin*, there was not a clear usurpation of power by the District Court and the final judgment – which Plaintiff did not timely appeal -- is not void for purposes of Rule 60(b)(4).  *George v. Rushmore Serv. Ctr., LLC*, 114 F.4th at 239.

   IT IS FURTHER ORDERED that Plaintiff's Motion to Vacate a Void Judgment [36] is DENIED.

               *s/ Nora Barry Fischer*
               Nora Barry Fischer
               Senior U.S. District Judge


cc/ecf:  United States Magistrate Keith Pesto

cc:  Michael J. Pendleton
   DY-1646
   SCI Somerset
   1590 Walters Mill Road
   Somerset, PA 15510-0001
   (via first class mail)